**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LESTER P. ACKERMAN, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-00277 (UNA) |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>Memorandum Opinion</u>**

This matter is before the court on its initial review of the plaintiff's application for leave to proceed *in forma pauperis* and *pro se* complaint.  ECF Nos. 1–2.  The court grants the application and dismisses the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In addition, a complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the court cannot exercise subject matter jurisdiction over a frivolous complaint, *see Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (collecting cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins").  Consequently, the court must dismiss a complaint as frivolous when, as here,

"the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

The plaintiff appears to allege that use of the term "molester" in the criminal context and in the American vocabulary more broadly has caused "negative energy towards Lester" and "hate and discrimination, defamation, and sexual harassment towards Lester." ECF No. 1 at 1. In addition to failing to state a claim for relief, the plaintiff's complaint is frivolous on its face.

The court accordingly dismisses the complaint without prejudice. A separate order accompanies this memorandum opinion.

DATE: April 2, 2026                    /s/
                                       AMIR H. ALI
                                       United States District Judge

2